UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| REGINALD HUNTER, ) | CASE NO. 1:11 CV 2067 |
| ) | |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is *pro se* Plaintiff Reginald Hunter's above-captioned *in forma pauperis* Complaint. He names the Department of Veterans Affairs ("the VA"), Edward Horvath, Debora Jones, Tim Stoner, Ryan Felder and Kenya Phifer Harper.[1] Mr. Hunter alleges the Defendants violated his privacy. He seeks "to be made whole."

*Background*

The Complaint begins with the following statement: "I was selected for a motor vehicle in Wilmington, DE and Cleveland scheduled a physical and when I got there they refused

---

[1] Mr. Hunter does not identify in what position or by whom the named Defendants are employed.

to do it." (Compl. at 1.) Mr. Hunter then alleges Ms. Jones asked him questions she was not permitted to ask. She accused him of not providing truthful answers and claimed she did not believe his SF-50. In response, Mr. Hunter sent her another SF-50. The Court presumes this exchange between Mr. Hunter and Ms. Jones involved an interview for a position with the VA.

Ms. Jones later questioned "others" about Mr. Hunter without his consent. This resulted in the selection of another employee for a position Mr. Hunter sought. He claims he later learned through the Freedom of Information Act (FOIA) that Ms. Jones spoke with people in Employee Health "pretending to be human resources." During the course of the process, Tim Stoner, Dr. Horvath, and Kenya Phifer allegedly violated Mr. Hunter's privacy rights under HIPPA. He states he never provided his consent for any of them to talk about him. He alleges this represents a clear case of reprisal discrimination. Moreover, Dr. Horvath allegedly advised Ms. Jones that Mr. Hunter failed a drug test, an allegation he denies.

The Complaint concludes with a declaration that the Cleveland VA has blocked Mr. Hunter from gaining employment with any VA in the country. He seeks the opportunity to apply for employment with the VA without the interference of the Cleveland, Ohio branch of the VA.

Attached to the Complaint is an Equal Employment Opportunity Commission (E.E.O.C.) Decision ("the Decision") issued pursuant to 29 C.F.R. § 1614.109(g)(3) by an Administrative Law Judge (ALJ) in the San Francisco, California District Office. *Hunter v. Shinseki*, No. 530-2009-00268X (E.E.O.C. Dec. of 8/18/11). The Decision, dated August 11, 2011, entered a judgment in favor of the Respondent regarding Mr. Hunter's claim of race, age, disability or reprisal discrimination.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Retaliation*

In cases involving discrimination against an employee, the plaintiff is not required to allege facts to support a *prima facie* case at the pleading stage. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas [ v. Green*, 411 U.S. 792 (1973)] framework).[2] This standard does not, however, eliminate the basic tenets of notice pleading.

Under Title VII, an employer is prohibited from retaliating against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation,

---

[2]To establish a *prima facie* case of retaliation under Title VII, a plaintiff must prove that:

> (1) [he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir.2000)

3

proceeding, or hearing" in connection with an allegedly unlawful employment practice. 42 U.S.C. § 2000e-3(a). Under the applicable federal framework, the "anti-retaliation provision [of Title VII] protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67(2006). To allege an employer engaged in actionable retaliation, the plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (quoting *Washington v. Illinois Dept. of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005).

As a threshold matter, Mr. Hunter does not allege in what protected activity he engaged. While basic Rule 8 pleading standard does not require "detailed factual allegations," FED. CIV. R. 8, it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286(1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557. Thus, this Court cannot refashion Mr. Hunter's Complaint to create a cause of action. Without articulating in what protected activity he allegedly engaged, and about which the VA was aware, it is impossible to assume an adverse action occurred as a direct result.

Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, Mr. Hunter's Complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing Title

4

VII reprisal discrimination. See FED. CIV. R. P. 8(a). He thus fails to state a claim for relief.

*Conclusion*

Based on the foregoing, Mr. Hunter's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 10/19/11*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.